Gerald W. BIVINS, Plaintiff–Appellant,

v.

Al C. PARKE, et al., Defendant–
Appellees.

No. 00–3647.

United States Court of Appeals,
Seventh Circuit.

April 17, 2001.

Before Hon. EASTERBROOK, Hon.
MANION, and Hon. KANNE, Circuit
Judges.

### Order

Gerald Bivins, the plaintiff and appellant in this case, was executed by the State of Indiana on March 14, 2001, and the state filed a suggestion of death. See Fed. R.App. P. 43(a)(1). The court then directed the parties to file memoranda discussing the legal consequences of Bivins' death, and the order reminded Bivins' counsel of the need to substitute his estate (or personal representative) as the plaintiff if the case is to continue.

Bivins' response submits that the appeal is moot. This is questionable because, as defendants observe, personal-injury actions survive under Indiana law, I.C. § 34–9–3–1(a)(6), and claims under 42 U.S.C. § 1983 have many attributes of personal-injury actions. On the other hand, this particular action—a claim of interference with access to the courts—may be the sort that logically abates on the plaintiff's death. Cf. *Robertson v. Wegmann,* 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978).

It is unnecessary for us to resolve this issue, however, because the only proper person to pursue the claim would be the executor of Bivins' estate or another personal representative appropriate under Indiana law. Despite our order, Bivins' counsel has not taken any step to substitute a proper plaintiff. The weakness of the appeal, and the small monetary stakes involved, make this decision understandable. Accordingly, the appeal is dismissed for lack of any representative entitled to pursue claims on behalf of Bivins' estate.